# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 15-1177**                                        **September Term, 2016**

CFPB-2014-CFPB-0002

**Filed On:** February 16, 2017

PHH Corporation, et al.,

        Petitioners

    v.

Consumer Financial Protection Bureau,

        Respondent

    **BEFORE:**    Garland*, Chief Judge, and Henderson, Rogers, Tatel, Brown, Griffith, Kavanaugh, Srinivasan, Millett, Pillard, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of respondent's petition for rehearing en banc, the briefs *amici curiae* in support of the petition, the response of the United States to the petition, the response of the petitioners to the petition, the supplemental response of petitioners, and the vote in favor of the petition by a majority of judges eligible to participate, it is

**ORDERED** the petition be granted. Case No. 15-1177 will be reheard by the court sitting en banc. It is

**FURTHER ORDERED** that the judgment filed October 11, 2016 be vacated. It is

**FURTHER ORDERED** that oral argument before the en banc court be heard on Wednesday, May 24, 2017, in Courtroom # 20, Sixth Floor. It is

**FURTHER ORDERED** that, in addition to filing briefs electronically, the parties file 30 paper copies of each of their final briefs and the deferred appendix, in accordance with the following schedule:

| | |
|---|---|
| Brief for Petitioners | March 10, 2017 |
| Deferred Appendix (Public Filed 11/30/15 & Sealed Filed 12/1/15) | March 10, 2017 |

*Chief Judge Garland did not participate in this matter.

_____

**No. 15-1177**                                    **September Term, 2016**

| | |
|---|---|
| Brief(s) for Amici Curiae | March 10, 2017 |
| Brief for Respondent | March 31, 2017 |
| Brief(s) for Amici Curiae | March 31, 2017 |
| Reply Brief for Petitioners | April 10, 2017 |

While not otherwise limited, the parties are directed to address in their briefs the following issues:

1. Is the CFPB's structure as a single-Director independent agency consistent with Article II of the Constitution and, if not, is the proper remedy to sever the for-cause provision of the statute?

2. May the court appropriately avoid deciding that constitutional question given the panel's ruling on the statutory issues in this case?

3. If the en banc court, which has today separately ordered en banc consideration of *Lucia v. SEC,* 832 F.3d 277 (D.C. Cir. 2016), concludes in that case that the administrative law judge who handled that case was an inferior officer rather than an employee, what is the appropriate disposition of this case?

Parties are directed to hand deliver the paper copies of their submissions to the Clerk's office by the date due. To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms. While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known. *See D.C. Circuit Handbook of Practice and Internal Procedures* 41 (2017); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

Because the briefing schedule is keyed to the date of oral argument, the court will grant requests for extension of time limits only for extraordinarily compelling reasons. The briefs and appendix must contain the date the case is scheduled for oral argument at the top of the cover. *See* D.C. Cir. Rule 28(a)(8).

Separate order(s) will issue scheduling the time of oral argument and allocating oral argument time.

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/
          Michael C. McGrail
          Deputy Clerk